This is a motion for a certiorari, upon the ground disclosed in the petition. The case seems susceptible of the following points of view: —
1st. How is that class of cases, called motions, conducted by the English practice, in their different courts? Whether supported by affidavits or not; and, if they are, whether cross-affidavits are receivable? *Page 193 
2d. Does an application for a certiorari differ from other motions; and what is the practice upon certiorari in England, considered as remedial and not auxiliary process?
3d. A comparison of this case with that of Beck v. Knab.
4th. Is the practice as laid down in Haywood, respecting the introduction of cross-affidavits, founded in the principles of the practice in England, or in that of our own government? As to the first point, it seems evident as a general rule that affidavits are necessary to lay the ground of motions, but that cross-affidavits are not generally received in opposition, for two reasons: first, it would compel the Court, whose province it is to judge of law and not of contested facts, to determine upon the credibility of persons; and, secondly, it would be harassing a court of justice with lengthy investigations respecting the propriety of merely preparatory steps.[1] These motions may be grounded on incorrect statements of facts, but that does not affect in the smallest degree a determination upon the merits. The fallacy of these statements may sometimes produce delay, but that is all. However, the law does not presume a man will swear falsely. It is better, says the law, to bear with a particular mischief than a general inconvenience. In considering the second ground, it appears, agreeably to the practice in England, that the crown is entitled to a certiorari
without laying a ground by affidavit or otherwise; but not so of individuals. When, however, an individual states his case, it is discretionary with the Court to grant or refuse the writ; but when it has been granted and returned it will be filed immediately, of course. 2 Haw. 419, § 68. From this general rule, cases respecting the proceedings of commissioners of sewers are excepted. After the writ is returned and filed no affidavits respecting the propriety of granting it are received.[2]
In the single case alluded to, upon return of the writ, the Court will not permit it to be filed until they see whether there are substantial objections to it or not; which may be supported by affidavits, being the only case known of in the practice in *Page 194 
England. The reason of this exception, given in some of the books, is, that the adjoining lands might be inundated, and the health of the neighboring people destroyed, if the proceedings of the commissioners were superseded for any length of time. The public, beside individual interest, seems greatly concerned in this case.[3]
In all other cases the writ is filed of course, and no other objection to the propriety of issuing is recollected, except such as appear from the face of the paper. It is the established practice here to admit objections to the propriety of obtaining the writ daring the return term but not afterwards when issued by a single judge out of court for defects appearing on the face of the petition. This is agreeable to the practice in England, as laid down in 1 Burr. 48; 4 Burr. 2459, 2522. The king is entitled to acertiorari of course, being authorized to prosecute in what court he pleases. 2 Haw. 407. Certiorari to inferior courts of record must before trial below; the object being to get a trial above.[1] It lies to all inferior jurisdictions, not of record, after judgment below.[2]
As to the third ground, it appears clearly to me that the principle upon which the case of Beck v. Knab was decided is the same with this. The principle was, whether cross-affidavits generally should be received, though, the particular case before the Court was whether the affidavit of the opposite party should be received. As far as the authority of the reasoning in that case goes it decides this.
The next inquiry is whether the practice stated in Haywood, with respect to the reception of cross-affidavits, is agreeable to the practice in England. It seems to me that it is not, except, in the case of commissioners of sewers, where the public interest is directly involved. The reasons and authorities have been stated before. Nor does this practice seem to accord with the essential principles of our government, whatever it might have been in England and in North Carolina. The convention certainly conceived this writ deserved particular care in its preservation, as being of consequence to the public happiness. *Page 195 
In England it had been considered most generally as a discretionary writ, in contradistinction to one of common right. The very circumstance of inserting a provision in the Constitution almost carries conviction to my mind that the nature of this writ is altered so far as to make it a writ of right and not of discretion. The Constitution however contemplates the laying ground by affidavit for the writ; so far it is discretionary; but when sufficient matter is disclosed in the affidavit to authorize the writ, it is no longer discretionary. Even in England it has sometimes been considered as of common right. Strange, 609. Surely, it ought here, being in many points of view an important part of our Constitution. An appeal by our law is considered as matter of common right, and highly necessary to the preservation of our lives, liberties, and properties. A man may in various ways lose the benefit of an appeal without any fault of his own. This writ, then, is the only common remedy. In appeals, the party is entitled to a jury trial. The Constitution says that shall remain inviolate. Suppose a person deprived of an appeal without any fault in himself: he files a petition supported by affidavit; agreeably to the Constitution, a certiorari issues; affidavits and cross-affidavits and affidavits to rebut, are received. Amidst this contrariety of testimony the Court judges of which side the truth lies. The genius of the laws of England and of our own country seems generally adverse to the exercise of such a power. It is a maxim that questions of law belong to the Court and those of fact to the jury: and so careful does the law appear to be of this distinction, that, in mere preparatory steps, it will not ordinarily admit of this collision. When matters of common right are concerned, such as that of having a re-examination of a man's cause by a jury of his country, the spirit of our Constitution and laws seem clearly to oppose the exercise of such a power by the Court. In many cases it might happen, that, for want of a sufficient knowledge of the characters of those making affidavits, a court might dismiss this writ, and the party be deprived of a jury trial altogether, without any *Page 196 
fault on his part. Under these impressions it seems to me that cross-affidavits cannot be received in this case.
[1] 1 Johns. 313.
[2] See 4 Burr. 2458; Str. 549, 563; Andr. 27; Com. Dig. Str. 609; 8 Mod. 331; Fortes. 374.
[3] See 1 Salk. 145; Keil. 157.
[1] See Burr. 749; Str. 612, 1227; Ld. Ray. 137, 991, 1372; 1 Salk. 149; 6 Mod. 17; 8 Mod. 913.
[2] See 2 Haw. 405, §§ 22, 23; and the authorities there referred to.